NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 16 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| THE HERBAL CHEF, LLC, a California limited liability company,<br><br>           Plaintiff-Appellant,<br><br>  v.<br><br>AFG DISTRIBUTION, INC., a North Carolina corporation; JAMES MAGURA, an individual,<br><br>           Defendants-Appellees. | No.   20-55374<br><br>D.C. No.<br>2:18-cv-08539-AB-MRW<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted March 2, 2021
Pasadena, California

Before:  GRABER, HIGGINSON,[**] and MILLER, Circuit Judges.

The Herbal Chef, LLC ("The Herbal Chef") appeals the district court's

summary judgment holding that its mark, THE HERBAL CHEF, is not inherently

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

distinctive and the subsequent dismissal of its federal and state unfair-competition and trademark infringement claims. We review a grant of summary judgment de novo, applying the same standards as the district court. *Zobmondo Entm't., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 (9th Cir. 2010). We affirm.

1. We agree with the district court that THE HERBAL CHEF is at most descriptive, rather than suggestive, of The Herbal Chef's catering, educational, and advocacy services involving cooking with infused cannabis. A descriptive mark "define[s] qualities or characteristics of a product in a straightforward way," whereas a suggestive mark "convey[s] impressions of goods that require the consumer to 'use imagination or any type of multistage reasoning to understand the mark's significance.'" *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1126 (9th Cir. 2014) (quoting *Entrepreneur Media, Inc. v. Smith*, 279 F.3d 1135, 1141–42 (9th Cir. 2002); *see also Zobmondo*, 602 F.3d at 1114.

Neither party disputes that the dictionary definitions of "herbal"—which include a slang term for marijuana—and "chef," when combined, directly describe The Herbal Chef's services, which include cooking with marijuana. Rather, The Herbal Chef argues that its mark is suggestive because it offers goods and services in addition to cooking with cannabis. This argument fails both because "a mark 'need not recite each feature of the relevant goods or services in detail to be descriptive,'" *Lahoti v. VeriCheck, Inc.*, 586 F.3d 1190, 1201 (9th Cir. 2009)

2

(quoting *In re Dial–A–Mattress Operating Corp.*, 240 F.3d 1341, 1346 (Fed. Cir. 2001)), and also because The Herbal Chef submitted no evidence that it actually sold cookware at the relevant time.

Nor does the fact that THE HERBAL CHEF abbreviates to THC, an acronym for one of the psychoactive ingredients in cannabis, mean that an imaginative or mental leap is *required* to understand the nature of The Herbal Chef's cannabis-related services. *See Zobmondo*, 602 F.3d at 1116 ("The imagination test does not ask what information about the product *could* be derived from a mark, but rather whether 'a mental leap is *required*' to understand the mark's relationship to the product." (quoting *Rudolph Int'l, Inc. v. Realys, Inc.*, 482 F.3d 1195, 1198 (9th Cir. 2007))).

2. The district court did not err in considering the United States Patent and Trademark Office's ("PTO") non-final denial of The Herbal Chef's federal trademark registration based in part on its determination that THE HERBAL CHEF was descriptive of a chef who specializes in cooking with infused marijuana. The district court addressed all of the record evidence, which included the relevant trademark prosecution history. Moreover, consideration of the PTO's determination as to whether a mark is descriptive or suggestive "is sensible because the PTO has special expertise that we lack on this fact-intensive issue." *Lahoti*, 586 F.3d at 1199.

3

3. The Herbal Chef further argues that its mark should be presumed inherently distinctive because the PTO registered AFG Distribution, Inc.'s nearly identical mark, "Herbal Chef," for baking and cooking products, including herb and cannabis infusers. *See id.* ("Although the statutory presumption of distinctiveness applies only when the mark holder's own mark has been registered, courts may also defer to the PTO's registration of highly similar marks."). On the record before us, however, The Herbal Chef's catering and educational services are not the same as AFG's cooking products, and "[w]hether a mark is suggestive or descriptive 'can be determined only by reference to the goods or services that it identifies.'" *Id.* at 1201 (quoting *Rodeo Collection, Ltd. v. W. Seventh*, 812 F.2d 1215, 1218 (9th Cir. 1987)). Consequently, we agree with the district court that AFG's registration does not bear on the distinctiveness of The Herbal Chef's mark.

**AFFIRMED.**